**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AKEEM MONROE,** | : | **Civil Action No.** |
| **5485 W Berks Street** | : | |
| **Philadelphia, PA 19131** | : | |
|       **Plaintiff,** | : | |
| | : | |
|       v. | : | **Complaint and Jury Demand** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **DEPARTMENT OF STREETS,** | : | |
| **3033 S 63rd Street** | : | |
| **Philadelphia, PA 19153** | : | |
| | : | |
| **1401 John F. Kennedy Boulevard** | : | |
| **7th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
|       **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Akeem Monroe (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against City of Philadelphia, Department of Streets (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is Streets Department for the City of Philadelphia with a location at 3033 S 63rd Street, Philadelphia, PA 19153 and headquarters located at 1401 John F. Kennedy Boulevard, 7th Floor, Philadelphia, PA 19102.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended, and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2022-05084 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated January 2, 2024. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In or around October 2020, Defendant hired Plaintiff in the position of Sanitation Laborer.

21. Plaintiff was well qualified for his position and performed well.

22. In or around December 2020, Plaintiff suffered a back injury while performing his work duties.

23. Plaintiff's back injury caused a back strain which constituted a disability as defined by the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff's major life activities, including, but not limited to, walking, standing and bending.

24. As a result, Plaintiff requested a one (1) week medical leave of absence and a light duty assignment upon his return to work.

25. In or around June 2021, Plaintiff was diagnosed with a Hernia in connection with his aforementioned workplace injury and he renewed his accommodation request of a light duty position.

26. By way of further information, aforementioned medical condition constitutes a disability as defined by the ADA and the PHRA in that it substantially impairs one or more of Plaintiff's major bodily functions, including, but not limited to, bowel function.

27. On or around March 18, 2022, Plaintiff underwent surgery as medical treatment for his Hernia.

28. On or around March 21, 2022, Plaintiff informed Defendant that he would be medically able to return to his light duty position in or around six (6) to eight (8) weeks and requested the reasonable accommodation of a leave of absence in order to recover from surgery.

29. In response thereto, without engaging in the interactive process, Defendant abruptly terminated Plaintiff's employment, stat that his position had already been filled.

30. Upon information and belief, Defendant replaced Plaintiff with a non-disabled individual.

31. It is Plaintiff's position that Defendant discriminated against him due to his disabilities, failed to accommodate his disabilities/engage in the interactive process, and/or retaliated against him based on his requests for reasonable accommodations in violation of the ADA and the PHRA.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limit or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

34. Plaintiff was qualified to perform the job.

35. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

36. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

37. Defendant did not have a legitimate non-discriminatory reason for Plaintiff to be terminated.

38. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

39. The purported reason for Defendant's decision is pretextual.

40. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

41. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

42. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

45. Plaintiff was qualified to perform the job.

46. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

47. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse

employment action.

48. Defendant did not have a legitimate non-discriminatory reason for Plaintiff to be terminated.

49. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

50. The purported reason for Defendant's decision is pretextual.

51. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

52. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

53. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

54. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

55. Plaintiff engaged in activity protected by the ADA when he requested reasonable accommodations due to his disabilities.

56. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

57. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

59. Plaintiff engaged in activity protected by the PHRA when he requested reasonable accommodations due to his disabilities.

60. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

61. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Akeem Monroe, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: April 1, 2024        By:   *David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*